IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MORTGAGE LENDERS NETWORK, INC.,

                Plaintiff,         Case No. 3:04 CV 7767

-vs-                               MEMORANDUM OPINION

ADKINS APPRAISAL SERVICES, INC.,
et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant Emilio Soli's motion to dismiss (Doc. No. 13). Plaintiff has responded (Doc. No. 14); Soli has replied (Doc. No. 15). The Court has jurisdiction under 28 U.S.C. §§ 1331 & 1367. For the reasons that follow, Soli's motion is granted; however, the Court will grant Plaintiff leave to amend its complaint as set forth herein. Because Plaintiff's Count I, II, and III claims as to the remaining Defendants merit dismissal for the reasons Soli raises, the Court will *sua sponte* dismiss Counts I, II, and III as to all Defendants, with leave to amend.

## BACKGROUND

Plaintiff loans money for home mortgages. It claims that two groups of Defendants engaged in a scheme to defraud it by producing falsely inflated home appraisals, and submitting them along with mortgage applications. Plaintiff refers to Defendant Adkins Appraisal Services, Inc., its owner Defendant Debra Adkins, and its employee, Defendant Jay Riccardi, as the "Adkins Defendants." She calls non-party Global Mortgage Co. and its owners Defendants David G. Anderson and Emilio Soli the "Global Defendants." Plaintiff brings claims against all Defendants

for fraud, civil conspiracy, and violation of the federal civil RICO statute, and against the Adkins Defendants for breach of contract.

## DISCUSSION

Defendant Soli, one of the "Global Defendants," moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Plaintiff's claims against him, including any claim for breach of contract.

*A. Motion to Dismiss Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiffs, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Westlake*, *supra*, at 858. *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed. 2004).

*B. Fraud*

Plaintiff claims the Adkins Defendants provided the Global Defendants with appraisals on nineteen residential properties. For each, the complaint lists the property address, the owner's name, and the date of the appraisal. For each of the nineteen properties, the Global Defendants submitted to Plaintiff mortgage loan applications that included Adkins's appraisals. The complaint alleges that the appraisals were false and fraudulent and that the appraised values were higher than

2

the properties' market values. Plaintiff claims all Defendants produced and submitted the false appraisals to induce it to loan money to residential borrowers, which it did, generating fees and closing costs for Defendants.

Plaintiff states that all of the Defendants represented to it that the appraised values of the properties were their actual values, and that the comparable properties listed in the appraisals were actually comparable, actually had the characteristics listed, and actually existed. The complaint claims those representations were false, that all of the Defendants knew it, and that Defendants acted with the intent to mislead the Plaintiff, which justifiably relied on the false statements.

Soli moves to dismiss Plaintiff's fraud claim because Plaintiff has failed to plead, as it must, that Soli acted with the intent to mislead Plaintiff into relying on false statements, and because Plaintiff failed to plead fraud with particularity as to Soli. The Court agrees with Soli's second argument.

The Ohio Supreme Court defines fraud as:

(a) a representation or, where there is a duty to disclose, concealment of a fact,

(b) which is material to the transaction at hand,

(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

(d) with the intent of misleading another into relying upon it,

(e) justifiable reliance upon the representation or concealment, and

(f) a resulting injury proximately caused by the reliance.

*Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998) (internal quotations omitted).

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with particularity, which means the plaintiff must at least "allege the time, place, and content of the alleged

3

misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 643 (6th Cir. 2003) (internal quotation omitted). In addition, "[a] complaint 'may not rely upon blanket references to acts or omissions by all of the "defendants," for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged.'" *Id*. (quoting *Benoay v. Decker*, 517 F. Supp. 490, 493 (E.D. Mich. 1981), *aff'd*, 735 F.2d 1363 (6th Cir. 1984)).

Here, Plaintiff pled that "Defendants made the [allegedly false] representations with the intent of misleading MLN" and that "MLN justifiably relied upon the representations." (Doc. No. 1-1, ¶¶ 24-25). Had Plaintiff made those allegations against Soli with the particularity Rule 9(b) requires, the Court would find them adequate to allege the fourth element of fraud, that the defendant made a representation "with the intent of misleading another into relying upon it." *See* FED. R. CIV. P. 8(f) ("[a]ll pleadings shall be construed as to do substantial justice.")

However, Plaintiff's fraud claim suffers from a larger flaw: it does not identify which Defendants made which fraudulent statements. Instead, Plaintiff improperly relies on "blanket references" to representations made by the "Global Defendants," the "Adkins Defendants" or, merely, "Defendants." As *Bledsoe* instructs, Soli and, indeed, each of the Defendants, is entitled to know with what fraudulent conduct he or she respectively stands charged.

Therefore, the Court dismisses Plaintiff's Count I fraud claim against Soli. Furthermore, since Plaintiff's fraud claims against the remaining Defendants suffer from the same deficiency, the Court *sua sponte* dismisses Plaintiff's fraud claims against all Defendants.[1] However, the

---

[1] The closest Plaintiff comes to ascribing conduct to any individual defendant is its statement that

Court will grant Plaintiff thirty days in which to amend its complaint to state a fraud claim that complies with Rule 9(b). *See Bledsoe*, 342 F.3d at 644. ("[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

*C. Civil Conspiracy*

Count II alleges that the Defendants maliciously combined to damage Plaintiff, "in a way not competent for one alone," that Defendants "possessed a common understanding or design to commit the wrongful acts against" Plaintiff, and, as a result of this civil conspiracy, Plaintiff has suffered damages. Count II also reincorporates by reference the Count I fraud allegations that precede it. Soli moves to dismiss Plaintiff's Count II civil conspiracy claim because Plaintiff does not "allege knowledge on the part of the defendants or provide the identity of the individual tortfeasor, let alone the substantial assistance provided by the other named defendants." (Doc. No. 13, p. 5).

A civil conspiracy is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages. . . . An underlying unlawful act is required before a civil conspiracy claim can succeed." *Williams*, 700 N.E.2d at 868 (internal quotations omitted). "Thus, in order to establish a claim of civil conspiracy, the following elements must be proven: '(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy.'" *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 534 (6th

---

"the majority of the Appraisals were initially prepared by Riccardi . . . ." However, this allegation places neither Riccardi nor any of the other Defendants any closer to knowing which of the allegedly fraudulent statements Plaintiff ascribes to him or her.

5

Cir. 2000) (quoting *Universal Coach, Inc. v. N.Y. City Transit Auth., Inc.*, 629 N.E.2d 28, 33 (Ohio Ct. App. 1993)). "The element of 'malicious combination to injure' does not require a showing of an express agreement between defendants, but only a common understanding or design, even if tacit, to commit an unlawful act." *Gosden v. Louis*, 687 N.E.2d 481, 496 (Ohio Ct. App. 1996).

"A general allegation of conspiracy without a statement of facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action. Although detail is unnecessary, the plaintiffs must plead the facts constituting the conspiracy, its object, and accomplishment." *Schell v. Kaiser-Frazer Sales Corp.*, 274 N.E.2d 315, 318 (Ohio Ct. App. 1971). "A plaintiff may not bring a claim for conspiracy unless he can also state a claim for the underlying cause of action." *Nilavar v. Mercy Health Sys.*, 142 F. Supp. 2d 859, 889 (S.D. Ohio 2000).

Presumably, Plaintiff meant the independent unlawful act underlying its civil conspiracy claim to be the fraud it pled in Count I. However, the Court has already dismissed that claim for failure to state a claim on which relief can be granted. Plaintiff therefore has failed to adequately plead the existence of an independent unlawful act. Defendant Soli's motion to dismiss Count II is granted. As it did with Count I, the Court *sua sponte* dismisses Count II as to all Defendants, with leave to amend the complaint within thirty days to state a civil conspiracy claim upon which relief may be granted.

*D. Civil RICO*

In Count III, Plaintiff claims that the Defendants controlled, conducted, or participated in the conduct of an enterprise's affairs through a pattern of racketeering activity, specifically mail fraud and wire fraud, in violation of the Racketeer Influenced and Corrupt Organizations Act

6

("RICO"). *See* 18 U.S.C. § 1962. Defendant Soli moves to dismiss Plaintiff's RICO claims against him, on the ground that Plaintiff's allegations of mail and wire fraud do not constitute a "pattern of racketeering activity." Soli posits that the alleged scheme to defraud Plaintiff was only one "activity."

Acts of mail fraud and wire fraud can, but do not in all cases, amount to a pattern of racketeering activity. A "'pattern of racketeering activity' requires at least two acts of racketeering activity" within ten years. 18 U.S.C. § 1961(5). RICO's definition of "racketeering activity" specifically names mail fraud and wire fraud as examples. 18 U.S.C. § 1961(1)(B). The Supreme Court has held that "to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H. J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). In other words, a plaintiff must show "continuity plus relationship." *Id*. (internal quotation omitted).

"Related" racketeering activities "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id*. at 240 (internal quotation omitted). "'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id*. at 241. "[T]he threat of continuity may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *Id*. at 242. "Continuity" does not require proof of multiple schemes. *Id*. at 240.

At this time, the Court will not evaluate the sufficiency of Plaintiff's allegations relating to Defendants' "pattern of racketeering activity," because Plaintiff's RICO claim suffers from the

7

same larger flaw as its fraud claim: it fails to meet the particularity requirements of Rule 9(b). The Court finds that amendment to comply with Rule 9(b), should Plaintiff choose to do so, will clarify the inquiry into the alleged pattern of racketeering activity.

Rule 9(b) applies to RICO claims premised on mail and wire fraud. *See Blount Fin. Servs., Inc. v. Heller*, 819 F.2d 151, 152 (6th Cir. 1987); *see also Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994) ("Of course, Rule 9(b) applies to allegations of mail and wire fraud and by extension to RICO claims that rest on predicate acts of mail and wire fraud."). As stated above, to plead fraud with particularity, a plaintiff must identify which defendant committed which acts. *Bledsoe*, 342 F.3d at 643; *Jepson*, 34 F.3d at 1328.

Here, that specificity is lacking. Plaintiff alleges only that "Defendants" committed wire and mail fraud by sending faxes and mailings to Plaintiff. (Doc. 1-1, ¶¶ 39-40). As with Plaintiff's fraud claim, the Court will dismiss Count III as to Soli and will dismiss that claim *sua sponte* as to all Defendants, with leave to amend within thirty days.

Because the RICO statute is complex, the requirements for properly pleading a civil RICO claim are many. Often, courts require plaintiffs bringing RICO claims to also file a "RICO case statement," to increase clarity and help the court evaluate the sufficiency of the claim. *See, e.g.*, *Frank v. D'Ambrosi*, 4 F.3d 1378, 1381 (6th Cir. 1993); *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153 (6th Cir. 1990); *see also* MANUAL FOR COMPLEX LITIGATION (Fourth) § 35.31 (2005). The Court believes such a statement will help the parties and the Court evaluate Plaintiff's RICO claim in this case.

Therefore, if Plaintiff chooses to amend its complaint to add a properly pled RICO claim, it shall file as part of the amended complaint or contemporaneously therewith a RICO case

8

statement that shall include the facts relied on to initiate the RICO claim. In particular, the statement shall use the numbers and letters set forth below, unless filed as part of an amended and restated pleading (in which latter case, the allegations of the amended and restated pleading shall reasonably follow the organization set out below), and shall state in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d). If you allege violations of more than one section 1962 subsection, treat each as a separate RICO claim.

2. List each defendant, and state the alleged misconduct and basis of alleged liability of each defendant.

3. List the alleged wrongdoers, other than the Defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims, and state how each victim allegedly was injured.

5. Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall:

    a. list the alleged predicate acts and the specific statutes allegedly violated by each predicate act;

    b. state the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding each predicate act;

    c. if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under Title 11 of the U.S. Code, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b) (identify the time, place, and contents of the alleged misrepresentation or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made);

    d. describe in detail the perceived relationship that the predicate acts bear to each other or to some external organizing principle that renders them "ordered" or "arranged" or "part of a common plan"; and

    e. explain how the predicate acts amount to or pose a threat of continued criminal activity.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall:

   a. state the names of the individuals, partnerships, corporations, associations, or other entities allegedly constituting the enterprise;

   b. describe the structure, purpose, roles, function, and course of conduct of the enterprise;

   c. state whether any Defendants are employees, officers, or directors of the alleged enterprise;

   d. state whether any Defendants are associated with the alleged enterprise, and, if so, how;

   e. explain how each defendant participated in the direction of the affairs of the enterprise;

   f. state whether you allege: (i) that the Defendants are individuals or entities separate from the alleged enterprise, or (ii) that the Defendants are the enterprise itself, or (iii) that the Defendants are members of the enterprise; and

   g. explain, if you allege any Defendants to be the enterprise itself or members of the enterprise, whether such Defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State whether you allege, and describe in detail, how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise and each defendant received from the alleged pattern of racketeering activity.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a. state who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and


b. describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:

   a. describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and

   b. state whether the same entity is both the liable "person" and the "enterprise" under section 1962(b).

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

   a. state who is employed by or associated with the enterprise; and

   b. state whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the relationship between the alleged injury and violation of the RICO statute.

17. List the damages sustained by reason of the violation of section 1962, indicating the amount for which each defendant allegedly is liable.

18. Provide any additional information you feel would be helpful to the Court in processing your RICO claim.[2]

*E. Breach of Contract*

Plaintiff claims it was a third-party beneficiary to contracts between the Adkins Defendants and the Global Defendants, and that the Adkins Defendants breached the agreements. Plaintiff does not claim that the Global Defendants, including Soli, breached the contracts. Count

---

[2] The Court has taken the RICO case statement format from the Manual for Complex Litigation. *See* MANUAL FOR COMPLEX LITIGATION (Fourth) § 40.54 (2005).

Four on its face therefore applies only to the Adkins Defendants. Nevertheless – perhaps out of an abundance of caution – Defendant Soli has moved to dismiss Count Four as to him.

In response, Plaintiff argues that it has properly plead a third-party beneficiary's claim for breach of contract. However, to dispose of Soli's motion, the Court need not address the propriety of Plaintiff's third-party-beneficiary theory. Because Plaintiff does not claim that Soli breached any contract, *ipso facto*, it has not stated a breach of contract claim against him upon which relief may be granted. *See Am. Sales v. Boffo*, 593 N.E.2d 316, 321 (Ohio Ct. App. 1991) ("Generally, a breach of contract action is pleaded by stating (1) the terms of the contract, (2) the performance by the plaintiff of his obligations, (3) the breach by the defendant, (4) damages, and (5) consideration."). Any breach of contract claim Plaintiff attempted to bring against Soli is therefore dismissed.

## CONCLUSION

In light of the foregoing, Defendant Soli's motion to dismiss (Doc. No. 13) is granted. Additionally, the Court *sua sponte* dismisses Counts I, II, and III as to all Defendants. The Plaintiff is granted leave to amend its complaint as to Counts I, II, and III, within thirty days. Should Plaintiff choose to amend Count III, it shall file as part of the amended complaint or contemporaneously therewith a "RICO Case Statement," using the format set forth above.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE