IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mortgage Lenders Network USA, Inc., | Case No. 3:04 CV 7767 |
| Plaintiff, | O R D E R |
| -vs- | JUDGE JACK ZOUHARY |
| Adkins Appraisal Services, Inc., et al., | |
| Defendants. | |

Defendant Debra Adkins moves to dismiss the Amended Complaint (Doc. No. 35). The Motion is denied.

The first basis for Defendant's Motion is that Plaintiff Mortgage Lenders Network (MLN) was not an intended third-party beneficiary to the appraisal contracts between Defendant Adkins and Global Mortgage Company.

The Ohio Supreme Court addressed the rights of third-party beneficiaries in the case of *Hill v. Sonitrol*, 36 Ohio St. 3d 36, 40 (1988), where the court adopted §302 of the Restatement of the Law 2d, Contracts. The Court finds the Record in this case establishes a question of fact whether MLN is an intended third-party beneficiary to the contracts between Adkins and Global Mortgage Company. Specifically, Adkins' own testimony establishes that the purpose of the appraisals was to protect the lender's investment, and MLN is the lender in this case. Appellate court decisions from the Eleventh District and the Fourth District also support Plaintiff's argument that the appraisals were performed for the benefit of the lender. The Court finds there is sufficient evidence that Adkins intended to directly benefit MLN thereby satisfying the "intent to benefit" test. *See Trinova v.*

*Pilkington*, 70 Ohio St. 3d 271, 277-78 (1994). Defendant Adkins' Motion for Summary Judgment on Count III of the Amended Complaint is therefore denied.

Adkins also moves to dismiss for lack of diversity jurisdiction based upon the fact that MLN does business in the State of Ohio, which Adkins mistakenly believes makes MLN a resident of Ohio. The fact that MLN does business in Ohio does not change the fact that it is a Delaware corporation with its principal place of business in Connecticut. Pursuant to 28 U.S.C. §1332(c)(1), MLN is not a resident of Ohio for purposes of diversity jurisdiction. Adkins' jurisdictional argument is rejected.

In addition, the amount in controversy far exceeds $75,000 exclusive of interest and costs as required by 28 U.S.C. §1332(a). At this stage, the allegations of the Amended Complaint, including breach of contract, fraud and conspiracy, are in addition to reimbursement of appraisal fees received by Adkins. Even though those fees are under $10,000, the prayer claims a total amount in excess of $75,000. Sworn affidavit testimony alleges that MLN has suffered approximately $350,000 in compensatory damages. Defendant Adkins has failed to satisfy her burden of proving an insufficient amount in controversy.

Adkins has also moved to dismiss Counts I and II. These arguments are based upon briefs submitted by former Defendants Anderson and Soli. However, those briefs address claims specific to those Defendants, not Adkins, and therefore do not support dismissal of Adkins. In addition, Plaintiff amended the Complaint to sufficiently plead fraud pursuant to the requirements of Ohio Civil Rule 9(b) and, to the extent Adkins moves for dismissal for failure to plead fraud with particularity, the Motion is denied as well.

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE
December 20, 2006