IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mortgage Lenders Network USA, Inc., | Case No. 3:04 CV 7767 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Debra Adkins, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment Against Defendant Debra Adkins for Breach of Contract (Doc. No. 63). Defendant filed a Verified Response to Plaintiff's Motion for Partial Summary Judgment (Doc. No. 66), to which Plaintiff filed a Reply (Doc. No. 67). The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1332.

### BACKGROUND

Plaintiff filed its initial Complaint on December 14, 2004, alleging that Defendants Adkins Appraisal Services, Inc., Debra Adkins, Jay Riccardi, David G. Anderson, and Emilio Soli committed fraud, civil conspiracy, and violated the Racketeer Influenced and Corrupt Organizations Act (RICO). A breach of contract claim was also alleged against Adkins Appraisal Services, Inc, Debra Adkins, and Jay Riccardi (Doc. No. 1). The Court granted a Motion to Dismiss filed by Defendant Soli (Doc. No. 13) which dismissed all counts except the breach of contract claim, and provided Plaintiff thirty days leave to amend its Complaint (Doc. No. 16).

Plaintiff filed its Amended Complaint on April 14, 2006 alleging against all Defendants its claims of fraud and civil conspiracy, and a claim of breach of contract against Defendant Adkins[1] (Doc. No. 19). The Court dismissed Adkins Appraisal Services, Inc. and Soli without prejudice on August 18, 2006 (Doc. No. 45) pursuant to Plaintiff's Notice of Intent to Dismiss certain defendants (Doc. No. 43). Anderson was dismissed without prejudice pursuant to FED. R. CIV. P. 41(a)(1)(ii) (Doc. No. 52). The only defendants remaining in this case are Debra Adkins and Jay Riccardi.

On November 30, 2006, Plaintiff filed its Motion for Partial Summary Judgment against Defendant Debra Adkins for Breach of Contract (Doc. No. 63). The events giving rise to Plaintiff's breach of contract claim involve allegedly false and fraudulent appraisals performed by Adkins for at least nineteen residential properties between March and September of 2000 (Doc. No. 19). Plaintiff contends that these appraisals contained inflated appraisal values, which subsequently induced Plaintiff to extend mortgage loans against each of these properties in reliance on the inflated valuation. Adkins received fees from the closing of these loans. Plaintiff contends that Adkins breached her agreements with Global Mortgage (not a party in this suit), by providing it with the false and fraudulent appraisals.[2] Plaintiff is a third-party beneficiary of those agreements, which was determined by this Court's Order dated December 20, 2006 (Doc. No. 65).[3]

---

[1] This claim is also asserted against Defendant Riccardi who at the time of the alleged misconduct was an employee, representative, or authorized agent of Adkins Appraisal (Doc. No. 19).

[2] Global Mortgage and Defendants Anderson and Soli then provided these appraisals to Plaintiff to induce it to make mortgage loans against the nineteen residential properties.

[3] In that order, the Court concluded as a matter of law that Plaintiff is an intended third-party beneficiary to the contracts between Defendant and Global Mortgage. *Id*. at pp. 1-2 (citing *Hill v. Sonitrol*, 36 Ohio St.3d 36, 40 (1988); *Trinova v. Pilkington*, 70 Ohio St. 3d 271, 277-78 (1994)).

Adkins argues that partial summary judgment should not be granted for the breach of contract claim because she denies having entered into any contracts with the relevant parties or having any knowledge of the disputed appraisals.[4] Adkins maintains she never contracted for, signed, endorsed, or approved any of the eighteen appraisals completed by Defendant Riccardi (Doc. No. 66). Although not included specifically in her pleadings, Adkins asserts in her deposition that her signatures on the eighteen appraisals are forgeries.

## STANDARD OF REVIEW

Pursuant to FED.R.CIV.P. 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986).

## BREACH OF CONTRACT CLAIM AS A THIRD-PARTY BENEFICIARY

As this Court addressed in its previous Order (Doc. No. 65), Plaintiff adequately established through Adkins' own testimony that it was an intended third-party beneficiary to contracts between Adkins and Global Mortgage. In making this conclusion, the Court determined that (1) contracts

---

[4] Adkins admitted her personal involvement with one of the disputed appraisals: the 4843 Imperial Drive, Toledo, Ohio property (the Sears Property) (Doc. No. 59). The other eighteen appraisals were completed by Defendant Riccardi, an appraiser trainee under Adkins' supervision from the end of 1998 through November 2000 (Adkins Sept. 21, 2006 Depo., pp. 89, 97).

3

impliedly existed between Adkins and Global Mortgage and (2) Plaintiff satisfied the "intent to benefit" test. *Id.; Trinova v. Pilkington*, 70 Ohio St. 3d 271, 277-78 (1994). However, that Order did not address Adkins' primary argument against the breach of contract claim; namely, that she never saw or signed the disputed appraisals.

The salient portions of Adkins' deposition testimony concerning breach of contract liability to a third-party beneficiary, at first, seem to support Plaintiff's Motion for Partial Summary Judgment. Adkins admitted that a contract existed between her and Global Mortgage to provide appraisals (Adkins Oct. 31, 2006 Depo. pp. 45-47, 50). Indeed, four times during her deposition testimony, Adkins stated that Global Mortgage had contracted with her to do appraisals. *Id*. Further, these appraisals were to be performed in a manner consistent with Adkins' certifications provided with each appraisal.

Each disputed appraisal contained a number of representations and certifications agreed to and signed by Adkins (Adkins Oct. 31, 2006 Depo. Ex. 2-20, 23). Adkins certified all nineteen appraisals. *Id*. The certifications bound Adkins to personally research the properties and prepare all conclusions and opinions contained in the appraisals, including (1) using recent sales of properties most similar and proximate to the subject property; (2) certifying that the appraisal was performed in accordance with the Uniform Standard of Professional Appraisal Practice; and (3) providing for any adverse conditions and making the relevant adjustments in the appraisal. *Id*. However, all nineteen appraisals contain errors inconsistent with Defendant's certifications (Moore Aff. ¶¶ 10, 19-138).

Adkins also agreed that the disputed appraisals were made for the benefit of the lender, which is the plaintiff in this case (Adkins Sept. 21, 2006 Depo. at pp. 108-112). Adkins was aware of the lender's reliance on the appraisal in making its lending decisions. *Id*. Adkins further stated that "I'm

4

the only one that really is truly looking out and working for the lender." *Id*. This Court has already found intent on the part of Adkins under the "intent to benefit" test, which provides that "there must be evidence, on the part of the promisee, that [s]he intended to directly benefit a third party." *Trinova*, 70 Ohio St. 3d at 277-78; Doc. No. 65. The Court reiterates this finding here. Thus, the Court affirms that contracts existed between Adkins and Global Mortgage for which Plaintiff was a third-party beneficiary. These contracts required Defendant to provide appraisal services to Global Mortgage on the nineteen properties.

However, Adkins asserts in her depositions that she had never seen before the eighteen appraisals completed by Defendant Riccardi and that her signatures on those appraisals were forgeries (Adkins Sept. 21, 2006 Depo., pp. 125-28 (stating that Defendant Riccardi "forg[ed] my name, forg[ed] my signature." *Id*. at 128)). When questioned about the evidence of the forgery on the nineteen appraisals, Adkins called the signatures "a pretty good forgery" and highlighted issues such as differences in the angles and letter forms. *Id*. at 139. Adkins then testified that her signatures were forgeries because of various differences in her signature and the signature on several appraisal documents. *Id*. at 140-180. Concerning the Sears Property, the one property for which Adkins admitted having a record of the appraisal, she responded in the same manner as the Riccardi-prepared appraisals: that she cannot verify the appraisal based on a copy, and that the signature does not look like her signature (Adkins Oct. 31, 2006 Depo., pp. 7-9). In particular, Adkins maintains that her signature on the appraisals is a forgery because the "letters are not formed or slanted the way that mine would be." *Id*. at pp.14-16. The validity of Adkins' signatures as applied to the appraiser or supervisory appraiser certifications on the disputed appraisals is central to the breach of contract claim. The validity of these signatures remains in dispute.

5

There is a dearth of Ohio case law regarding the validity of signatures in the context of an appraisal or other document. However, analogous cases are available in the commercial paper context, and the Court will look to these cases for guidance here. Accordingly, the Court will consider the pleading and burden-of-proof requirements of OHIO REV. CODE § 1303.36(A) which addresses proof of signatures:

> Unless specifically denied in the pleadings, in an action with respect to an instrument, the authenticity of, and authority to make, each signature on an instrument is admitted. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the party claiming validity but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or becomes incompetent at the time of the trial on the issue of the validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under section 1303.42 of the Revised Code.

OHIO REV. CODE § 1303.36(A).

There is a presumption that signatures are genuine or authorized, and without evidence to the contrary sufficient to "support a finding that the signature is forged or unauthorized, a plaintiff is not required to prove its authenticity." *Dryden v. Dryden*, 86 Ohio App. 3d 707, 712 (1993); *see also* OHIO REV. CODE § 1303.36, Official Comment 1 ("'Presumed' . . . means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid." Although a defendant's evidence does not need to rise to a directed verdict, it does need to "be enough to support the denial by permitting a finding in the defendant's favor").

To trigger the burden-shifting analysis of OHIO REV. CODE § 1303.36(A), a defendant must specifically deny the authenticity and authorization of her signatures. *See* OHIO REV. CODE §

6

1303.36(A); *Dryden*, 86 Ohio App. 3d at 711-12. A specific denial is a "statement that denies a particular fact and then states what actually occurred." 86 Ohio App. 3d at 712. The Court should liberally construe the specific denial requirement. *Id.*; OHIO REV. CODE § 1301.06 ("The remedies provided by Chapter[] . . . 1303 . . . of the Revised Code shall be liberally administered"). Although a general denial of a plaintiff's allegations is insufficient to successfully challenge the validity of a defendant's signature, as long as the defendant "pleads that . . . she did not sign or authorize the signing of the paper," and no further explanation of what actually occurred is available to Defendant, then Defendant's pleading should be deemed sufficient to put the validity of her signatures in issue. *See, e.g.,* 6 Anderson U.C.C. § 3-307:22 (3d. Ed. 2006).

The Court first turns to Adkins' pleadings to determine if a specific denial was provided to challenge the validity of her signature. Adkins is proceeding on a *pro se* basis, and accordingly, the Court is inclined to liberally construe her pleadings. Here, Adkins' Answer to Amended Complaint (Doc. No. 28) contains a "Reservation of rights" paragraph which states "[t]hat the Defendant reserves the right to a [sic] object to any and all appraisals on the basis that said appraisals were not approved or authorized by the Defendant nor did the Defendant sign off on any or all the appraisals" (Doc. No. 28, p. 8, ¶ W). A denial of validity is implied in this "Reservation of rights" statement, even though Adkins does not specifically allege forgery or contest the validity of her signatures on the disputed appraisals.

The burden of establishing validity now shifts to Plaintiff, but the signatures remain presumptively valid under Section 1303.36. *See* OHIO REV. CODE § 1303.36(A), Official Comment 1. Therefore, the Court must find for Plaintiff unless Adkins presents sufficient evidence to find in

7

her favor. *Id. See also Dryden,* 86 Ohio App. 3d at 711-12 (citing *Bates & Springer, Inc. v. Stallworth*, 56 Ohio App.2d 223 (1978) (addressing defendant's evidentiary burden)).

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter," *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Accordingly, the Court is forbidden from assessing the credibility of evidence at the summary judgment stage.

The Court concludes that Adkins' deposition testimony is sufficient to create a genuine issue of material fact concerning the validity of her signatures. In her deposition, Adkins repeatedly stated that Defendant Riccardi "forg[ed] my name, forg[ed] my signature," and commented that they were "a pretty good forgery" (Adkins Sept. 21, 2006 Depo., pp. 128, 139). As noted above, Adkins detailed the way in which the signatures on the appraisals differ from her *bona fide* signature. *Id*. at 140-80. Indeed, Adkins testified that she had never even seen the disputed appraisals. *Id*. at 125-28. Thus, the burden now shifts to Plaintiff to provide evidence that the Adkins' signatures are in fact valid. Plaintiff, however, has put forth no evidence as to this issue. Accordingly, an issue of material

fact exists as to the validity of Adkins' signature on the disputed appraisals, and summary judgment is inappropriate.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment Against Defendant Debra Adkins for Breach of Contract (Doc. No. 63) is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 28, 2007